E. K. Wade (Pro se)
542 North Civic Drive, Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

E. K. Wade,

    Plaintiff,

vs.

City and County of San Francisco Public Defender's Office,

    Defendant.

Case No.: C 07 5257

**VERIFIED COMPLAINT FOR DAMAGES**

<u>Disparate Treatment Discrimination in Hiring (Race);</u>
<u>Disparate Treatment Discrimination in Hiring (Age);</u>
and <u>Disparate Treatment Discrimination in Hiring (Disability).</u>

Fair Employment and Housing Act: California Government Code §§ 12940(a) and 12965(b); Age Discrimination Act in Employment Act of 1967 (ADEA); and Title I ADA 42 U.S.C. § 12112(a)

**DEMAND FOR JURY TRIAL**

**Plaintiff alleges:**

### PRELIMINARY ALLEGATIONS

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the State of California.

2. **Venue.** Venue is appropriate in this court because Defendant resides in this district and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intra-district Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Contra Costa County.

4. Plaintiff is an individual, African American, 60-year old, decorated disabled American veteran with a 70% rating pursuant to the Department of Veterans Affairs, and at all times herein mentioned was a resident of Walnut Creek, California.

5. Plaintiff is informed and believe and on that basis allege that the City an County of San Francisco Public Defender's Office (hereinafter CCSF-PDO), is a government entity doing business in California with its principal place of business located within the City of San Francisco, California, San Francisco County, State of California.

6. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

## FIRST CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Race)

7. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

8. On or about **July 10, 2006**, the SF Craigslist advertised CCSF-PDO's notice of employment opportunity entitled Paralegal Position (Legal Assistant 8173), with a filing deadline of **July 24, 2006**.

E. K. Wade v. City and County of San Francisco Public Defender's Office - 2

9. The position required that "Applicants must have completion of a certified Paralegal Studies curriculum, or possession of an AA degree or higher with six months work experience in a legal setting, or an equivalent combination of training and experience. Strong written and communication skills are required." The CCSF-PDO required applicants to submit City and County of San Francisco employment application to"... The Office of the Public Defender, 555 7th Street, 2nd Floor, Attention: Angela Auyong. Diversity and multilingual candidates are encouraged to apply."

10. On **July 21, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the Paralegal (Legal Assistant 8173) position including his resume, City and County of San Francisco Employment Application, and veteran's preference application form to the above-mentioned address, to include his documentation of veteran's preference. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration from Cal State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

11. From on or about **September 15, 2006,** Plaintiff visited the CCSF-PDO to inquire about his status, for he had not heard from Ms. Auyong. A receptionist was kind enough to call Ms. Auyong, but Ms. Auyong could not come out to the lobby.

Therefore, one of the receptionist let Plaintiff know that the position was still open; and that someone would contact Plaintiff at a later date.

12. From **September 15, 2006** to **September 22, 2007**, Plaintiff received absolutely nothing from CCSF-PDO (i.e., no notice of receipt, follow-up, or anything).

13. On **September 23, 2006**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607 A-0325-00-ape), alleging discrimination in hiring based upon race.  On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

14. On or about **April 23, 2007**, Plaintiff requested a Right-to-Sue Notice.

15. On **May 11, 2007**, DFEH sent Plaintiff a Notice of Case Closure and Right-to-Sue Notice  pursuant to **California Government Code Section 12965(b)** with additional instructions that Plaintiff's "…..right to sue will be tolled during the pendency of EEOC's review of your complaint."

16. On **July 27, 2007**, the U.S. Department of Justice issued Plaintiff a Right-to-Sue Notice with instructions file this action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111…"

*17.* "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of *race*, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to

bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." **California Government Code § 12940(a)**

18. "The Supreme Court articulated the framework for proving disparate treatment discrimination. The McDonnell Douglas four-part test requires a plaintiff establish a prima facie case by showing that she (1) belongs to a protected class, (2) is qualified for the position, (3) suffered an adverse employment action, and (4) was replaced with someone outside the protected class." **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**

19. Whether an African American candidate was not selected because of race discrimination was mentioned in <u>Norris v. City and County of San Francisco</u>, 900 F.2d 1326 (9th Cir. 1990), Norris, who is African American, applied for a position as a cable splicer with the Department of Electricity of the City and County of San Francisco. He took a civil service exam and was placed on a posted list of eligible candidates, but his application was eventually denied. Norris brought suit, alleging that the City unlawfully denied him employment because of his race in violation of *Title VII, 42 U.S.C. § 2000e*, et seq. After a four day bench trial, the court entered judgment for the City and Norris timely appealed. The Court had jurisdiction under *28 U.S.C. § 1291*. Because of the inadequacy of the district court's findings and its failure to properly apply the law, the Court remanded the case for further consideration in light of this disposition. This case is on point and very helpful to Plaintiff.

20. In order to prove a racial discrimination under Title VII based on a failure to **hire**, a plaintiff must first establish a prima facie case of discrimination by showing: a) that he belongs to a racial minority; b) that he applied and was qualified for a job for which the employer was seeking applicants; c) that, despite his qualifications, he was rejected; and d) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

21. Plaintiff: a) belongs to a racial minority (i.e., African American); b) applied for and was qualified for the Paralegal position for which the employer was seeking applicants; c) despite his qualifications, was rejected; and that, after his rejection, the position remained open and the employer continued to seek applicants from persons of Plaintiff's qualifications.   All of these elements have been met.

22. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his race by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

23. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his race, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

## SECOND CAUSE OF ACTION
(Disparate Treatment Discrimination in Hiring – Age)

24. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

25. On or about **July 10, 2006**, the SF Craigslist advertised CCSF-PDO's notice of employment opportunity entitled Paralegal Position (Legal Assistant 8173), with a filing deadline of **July 24, 2006**.

26. The position required that "Applicants must have completion of a certified Paralegal Studies curriculum, or possession of an AA degree or higher with six months work experience in a legal setting, or an equivalent combination of training and experience. Strong written and communication skills are required." The CCSF-PDO required applicants to submit City and County of San Francisco employment application to"… The Office of the Public Defender, 555 7th Street, 2nd Floor, Attention: Angela Auyong. Diversity and multilingual candidates are encouraged to apply."

27. On **July 21, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the Paralegal (Legal Assistant 8173) position including his resume, City and County of San Francisco Employment Application, and veteran's preference application form to the above-mentioned address, to include his documentation of veteran's preference. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration from Cal State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San

Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

28. From on or about **September 15, 2006**, Plaintiff visited the CCSF-PDO to inquire about his status, for he had not heard from Ms. Auyong. A receptionist was kind enough to call Ms. Auyong, but Ms. Auyong could not come out to the lobby. Therefore, one of the receptionist let Plaintiff know that the position was still open; and that someone would contact Plaintiff at a later date.

29. From **September 15, 2006** to **September 22, 2007**, Plaintiff received absolutely nothing from CCSF-PDO (i.e., no notice of receipt, follow-up, or anything).

30. On **September 23, 2006**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607 A-0325-00-ape), alleging discrimination in hiring based upon age. On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

31. On or about **April 23, 2007**, Plaintiff requested a Right-to-Sue Notice.

32. On **May 11, 2007**, DFEH sent Plaintiff a Notice of Case Closure and Right-to-Sue Notice pursuant to *California Government Code Section 12965(b)* with additional instructions that Plaintiff's "…..right to sue will be tolled during the pendency of EEOC's review of your complaint."

33. On **July 27, 2007**, the U.S. Department of Justice issued Plaintiff a Right-to-Sue Notice with instructions file this action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111…"

34. "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security

regulations established by the United States or the State of California: (a) For an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, **age**, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." **California Government Code § 12940(a)**

35. The **Age Discrimination Act in Employment Act of 1967 (ADEA)** was enacted to promote the employment of individuals over 40 years of age.

36. "The Supreme Court articulated the framework for proving disparate treatment discrimination. The McDonnell Douglas four-part test requires a plaintiff establish a prima facie case by showing that she (1) belongs to a protected class, (2) is qualified for the position, (3) suffered an adverse employment action, and (4) was replaced with someone outside the protected class." **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**

37. Whether an African American candidate was not selected because of age discrimination was mentioned in <u>Hester v. Barnhart,</u> not reported in Fed Supp 2d 2006 WL 997184 N.D.Cal., 2006. The Court sought to determine if an African-American female over 40 years of age was discriminated against when the employer selected an Asian-American male under the age of 40. The Court ruled that " A plaintiff establishes a prima facie case of discrimination by showing that:

(1) she belongs to a protected group, (2) she applied for and was qualified for a position, (3) she was rejected for the position, and (4) similarly situated employees outside of plaintiff's protected group were treated more favorably. Here, Hester is an African-American over 40 years of age. It is also undisputed that she was qualified, but rejected, for the position at issue. Finally, the person selected, Mr. Huie, was another SSA employee applicant outside of Plaintiff's protected group. While Defendant argues that Huie was not 'similarly situated' to Plaintiff because he was more qualified for the position, this argument is more properly directed to Defendant's burden to come forward with non-discriminatory reasons for its challenged action. Accordingly, the Court concludes that Plaintiff has met her minimal burden of making a prima facie showing of race and age discrimination." This case is on point and very helpful to Plaintiff.

38. To sustain a case of age discrimination, Plaintiff must show that: a) he is qualified for the position; b) he was not hired (selected); c) he is a member of a protected class; and d) the other hired employee (selected) was younger than Plaintiff.

39. Plaintiff: a) is qualified for the Paralegal position; b) was not selected for the position; c) is a member of a protected class (i.e., African American); and d) was replaced with an employee that was younger than him.  ALL of these elements have been met.

40. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his age by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

41. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his age, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

### THIRD CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Disability)

42. Plaintiff herein hereby refers to paragraphs 1 through 6 and each of them and incorporates same herein as though fully realleged.

43. On or about **July 10, 2006**, the SF Craigslist advertised CCSF-PDO's notice of employment opportunity entitled Paralegal Position (Legal Assistant 8173), with a filing deadline of **July 24, 2006**.

44. The position required that "Applicants must have completion of a certified Paralegal Studies curriculum, or possession of an AA degree or higher with six months work experience in a legal setting, or an equivalent combination of training and experience.  Strong written and communication skills are required." The CCSF-PDO required applicants to submit City and County of San Francisco employment application to"… The Office of the Public Defender, 555 7th Street, 2nd Floor, Attention: Angela Auyong. Diversity and multilingual candidates are encouraged to apply."

45. On **July 21, 2006**, Plaintiff, a former 4-year-experienced, African American EEO Specialist (GS-11 Investigator) with the U.S. Department of Labor, Office of Federal Contract Compliance Office (OFCCP), in Oakland, California, applied for the Paralegal (Legal Assistant 8173) position including his resume, City and County of San Francisco Employment Application, and veteran's preference

application form to the above-mentioned address, to include his documentation of veteran's preference. Along with Plaintiff's recent work experience, he holds a Bachelors Degree in Business Administration from Cal State University-Hayward, a Masters Degree in Public Administration from Golden Gate University in San Francisco, and a Paralegal Certificate (with honors) from Saint Mary's College in Moraga, California.

46. From on or about **September 15, 2006,** Plaintiff visited the CCSF-PDO to inquire about his status, for he had not heard from Ms. Auyong. A receptionist was kind enough to call Ms. Auyong, but Ms. Auyong could not come out to the lobby. Therefore, one of the receptionist let Plaintiff know that the position was still open; and that someone would contact Plaintiff at a later date.

47. From **September 15, 2006** to **September 22, 2007**, Plaintiff received absolutely nothing from CCSF-PDO (i.e., no notice of receipt, follow-up, or anything).

48. On **September 23, 2006**, Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) (Case No. E200607 A-0325-00-ape), alleging discrimination in hiring based upon disability. On said date, Plaintiff elected to pursue this matter in court; and requested a Right-to-Sue Notice.

49. On or about **April 23, 2007**, Plaintiff requested a Right-to-Sue Notice.

50. On **May 11, 2007**, DFEH sent Plaintiff a Notice of Case Closure and Right-to-Sue Notice pursuant to ***California Government Code Section 12965(b)*** with additional instructions that Plaintiff's "…..right to sue will be tolled during the pendency of EEOC's review of your complaint."

51. On **July 27, 2007**, the U.S. Department of Justice issued Plaintiff a Right-to-Sue Notice with instructions file this action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111..."

52. "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (a) For an employer, because of race, religious creed, color, national origin, ancestry, physical disability, **mental disability**, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." **California Government Code § 12940(a)**

53. "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." **42 U.S.C. § 12112 (a)**

54. "The Supreme Court articulated the framework for proving disparate treatment discrimination. The McDonnell Douglas four-part test requires a plaintiff establish a prima facie case by showing that she (1) belongs to a protected class, (2) is qualified for the position, (3) suffered an adverse employment action, and (4) was

replaced with someone outside the protected class." **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)**

55. "In any action brought by a complaining party under the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e-5, 2000e-16] (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794(a)(1) of title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of title 29 and the regulations implementing section 791 of title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act, against an individual, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent." **42 U.S.C. § 1981(a)(2)**

56. To sustain a case of disability discrimination, Plaintiff must show that: a) he has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; b) he has a record of such an impairment; or c) has been regarded as having such an impairment.

57. Plaintiff: a) has a mental impairment (Post Traumatic Stress Disorder) from the Vietnam War, which substantially limits one or more of his major life activities (emotional numbness, severe depression, extreme anxiety, lack of trust in others,

headaches, and irritability); b) has a record of such impairment issued from the Department of Veterans Affairs at 70%; and c) has been regarded as having such an impairment by the Department of Veterans Affairs. ALL of these elements have been met.

58. At the above-mentioned place and time, Defendants, and each of them, discriminated against Plaintiff based upon his disability by denying him the privilege to gainful employment, causing Plaintiff to suffer embarrassment, humiliation, and increased rage.

59. As a proximate result of Defendant's, and each of them, denial of gainful employment based upon his disability, Plaintiff sustained injuries of embarrassment, humiliation, and increased rage, all of which have caused, and continue to cause Plaintiff great mental pain and suffering.

### FIRST CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Race)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;
2. For pain and suffering according to proof;
3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights act of 1964, as amended, and *California Government Code § 12940(a)*
4. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory back pay and

benefits from 10-1-06 to present to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory forward pay from 10-1-06 to retirement @ age 70 to include proper adjustments for costs of living and advancements;

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper; and

11. For such other and further relief as the court may deem proper.

### SECOND CAUSE OF ACTION
**(Disparate Treatment Discrimination in Hiring – Age)**

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights act of 1964, as amended, and **California Government Code § 12940(a)**

4. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory back pay and benefits from 10-1-06 to present to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory forward pay from 10-1-06 to retirement @ age 70 to include proper adjustments for costs of living and advancements;

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper; and

11. For such other and further relief as the court may deem proper.

## THIRD CAUSE OF ACTION
(Disparate Treatment Discrimination in Hiring – Disability)

**WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:**

1. For general damages according to proof;

2. For pain and suffering according to proof;

3. A declaratory judgment that Defendants have violated Mr. Wade's right to be free from discrimination in the workplace pursuant to the Title VII of the Civil Rights act of 1964, as amended, and **California Government Code § 12940(a)**

4. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory back pay and benefits from 10-1-06 to present to include proper adjustments for costs of living and advancements.

5. An injunction ordering Defendant City and County of San Francisco Office of Public Defender to make Plaintiff whole with full compensatory forward pay from 10-1-06 to retirement @ age 70 to include proper adjustments for costs of living and advancements;

6. An award to Mr. Wade for compensatory damages @ 19 times compensatory damages in an amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of quality of life; and consequential losses;

7. An award to Mr. Wade for exemplary and/or punitive damages in an amount to be shown at trial;

8. An award to Mr. Wade of interest on any awards at the highest rate allowed by law;

9. For costs of suit herein incurred;

10. For such other and further relief as the court may deem proper; and

11. For such other and further relief as the court may deem proper.

Dated this 16th day of October, 2007

By: _____
E. K. Wade (Pro se)
542 North Civic Drive,
Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com

# VERIFICATION

I, E. K. Wade, am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters, which are therein alleged on information and belief, and as those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 16th day of October, 2007

By: ___E. K. Wade___
E. K. Wade (Pro se)
542 North Civic Drive,
Apt. D
Walnut Creek, CA 94597
(925) 323-1578
ekpeactime@aol.com