1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
3 | LISA B. BERKOWITZ, State Bar #167657
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, Fifth Floor
5 | San Francisco, California 94102-5408
Telephone:   (415) 554-3825
6 | Facsimile:   (415) 554-4248
E-Mail:   lisa.berkowitz@sfgov.org
7 |
8 | Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
9 |
10 |                    UNITED STATES DISTRICT COURT
11 |                   NORTHERN DISTRICT OF CALIFORNIA
12 |

| E. K. WADE, | Case No. C07-5257 MHP |
| | |
| Plaintiff, | **DEFENDANT'S ANSWER TO** |
| | **PLAINTIFF'S VERIFIED** |
| vs. | **COMPLAINT FOR DAMAGES AND** |
| | **DEMAND FOR A JURY TRIAL** |
| CITY AND COUNTY OF SAN | |
| FRANCISCO PUBLIC DEFENDER'S | |
| OFFICE, | |
| | |
| Defendant. | |

        Defendant City and County of San Francisco ("City" or "Defendant")[1] hereby answers

Plaintiff E.K.Wade's Verified Complaint for Damages.

                    **RESPONSE TO ALLEGATIONS OF COMPLAINT**

        1.      The City admits this Court has jurisdiction over Plaintiff's complaint.

        2.      The City admits the allegations of paragraph 2.

---

        [1] Because the San Francisco Public Defender's Office is a City department, it cannot be sued separate and apart from the City and County of San Francisco.  See *Talbot v. City of Pasadena* (1938) 28 Cal.App.2d 271, 274.

3.    The City admits the allegations of paragraph 3 to the extent plaintiff alleges this lawsuit should be assigned to the San Francisco division.  The City denies all other allegations.

4.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 4, and on that basis denies such allegations.

5.    The City admits the allegations of paragraph 5.

6.    The City denies the allegations of paragraph 6 on the basis that plaintiff has only named one defendant.

## FIRST CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Race)

7.    Defendant incorporates its responses to paragraphs 1 through 6, infra in response to paragraph 7.

8.    The City admits the allegations of paragraph 8.

9.    The City admits the allegations of paragraph 9.

10.    The City admits that plaintiff's application was dated July 21, 2006, but denies it was received by the City on that date.  The City lacks information or belief sufficient to admit or deny the remaining allegations of paragraph 10, and on that basis denies the allegations.

11.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 11, and on that basis denies the allegations.

12.    The City admits the allegations of paragraph 12 to the extent that it did not send rejection letters to those unsuccessful applicants prior to September 22, 2007.

13.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 13, and on that basis denies the allegations.

14.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 14, and on that basis denies the allegations.

15.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 15, and on that basis denies the allegations.

16.    The City lacks information or belief sufficient to admit or deny the allegations of paragraph 16, and on that basis denies the allegations.

17.   Paragraph 17 contains no factual allegations and thus the City does not respond.

18.   Paragraph 18 contains no factual allegations and thus the City does not respond.

19.   Paragraph 19 contains no factual allegations and thus the City does not respond.

20.   Paragraph 20 contains no factual allegations and thus the City does not respond.

21.   The City denies the allegations in paragraph 21 that after plaintiff's rejection, the position remained open and the City continued to seek applicants from persons of plaintiff's qualifications.  The City also denies plaintiff's allegation that he was the best qualified for the position, to the extent that inference is alleged.

22.   The City denies the allegations of paragraph 22.

23.   The City denies the allegations of paragraph 23.

### SECOND CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Age)

24.   The City incorporates its responses to paragraphs 1-23, infra.

25.   The City admits the allegations of paragraph 25.

26.   The City admits the allegations of paragraph 26.

27.   The City admits that plaintiff's application was dated July 21, 2006, but denies it was received by the City on that date.  The City lacks information or belief sufficient to admit or deny the remaining allegations of paragraph 27, and on that basis denies the allegations.

28.   The City lacks information or belief sufficient to admit or deny the allegations of paragraph 28, and on that basis denies the allegations.

29.   The City admits the allegations of paragraph 29 to the extent that it did not send rejection letters to those unsuccessful applicants prior to September 22, 2007.

30.   The City lacks information or belief sufficient to admit or deny the allegations of paragraph 30, and on that basis denies the allegations.

31.   The City lacks information or belief sufficient to admit or deny the allegations of paragraph 31, and on that basis denies the allegations.

32.   The City lacks information or belief sufficient to admit or deny the allegations of paragraph 32, and on that basis denies the allegations.

33.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 33, and on that basis denies the allegations.

34.     Paragraph 34 contains no factual allegations and thus the City does not respond.

35.     Paragraph 35 contains no factual allegations and thus the City does not respond.

36.     Paragraph 36 contains no factual allegations and thus the City does not respond.

37.     Paragraph 37 contains no factual allegations and thus the City does not respond.

38.     Paragraph 38 contains no factual allegations and thus the City does not respond.

39.     The City denies plaintiff's allegation in paragraph 39 that he was replaced by an employee that was younger than him.  The City also denies that plaintiff was the best qualified applicant for the position.

40.     The City denies the allegations of paragraph 40.

41.     The City denies the allegations of paragraph 41.

## THIRD CAUSE OF ACTION
### (Disparate Treatment Discrimination in Hiring – Disability)

42.     The City incorporates its responses to paragraphs 1-41, infra.

43.     The City admits the allegations of paragraph 43.

44.     The City admits the allegations of paragraph 44.

45.     The City admits that plaintiff's application was dated July 21, 2006, but denies it was received by the City on that date.  The City lacks information or belief sufficient to admit or deny the remaining allegations of paragraph 45, and on that basis denies the allegations.

46.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 46, and on that basis denies the allegations.

47.     The City admits the allegations of paragraph 47 to the extent that it did not send rejection letters to those unsuccessful applicants prior to September 22, 2007.

48.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 48, and on that basis denies the allegations.

49.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 49, and on that basis denies the allegations.

50.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 50, and on that basis denies the allegations.

51.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 51, and on that basis denies the allegations.

52.     Paragraph 52 contains no factual allegations and thus the City does not respond.

53.     Paragraph 53 contains no factual allegations and thus the City does not respond.

54.     Paragraph 54 contains no factual allegations and thus the City does not respond.

55.     Paragraph 55 contains no factual allegations and thus the City does not respond.

56.     Paragraph 56 contains no factual allegations and thus the City does not respond.

57.     The City lacks information or belief sufficient to admit or deny the allegations of paragraph 57, and on that basis denies these allegations.

58.     The City denies the allegations of paragraph 58.

59.     The City denies the allegations of paragraph 59.

### FIRST CAUSE OF ACTION
**(Disparate Treatment Discrimination in Hiring – Race)**

1.      The City denies that plaintiff is entitled to the relief requested.

2.      The City denies that plaintiff is entitled to the relief requested.

3.      The City denies that plaintiff is entitled to the relief requested.

4.      The City denies that plaintiff is entitled to the relief requested.

5       The City denies that plaintiff is entitled to the relief requested.

6.      The City denies that plaintiff is entitled to the relief requested.

7.      The City denies that plaintiff is entitled to the relief requested.

8.      The City denies that plaintiff is entitled to the relief requested.

9.      The City denies that plaintiff is entitled to the relief requested.

10.     The City denies that plaintiff is entitled to the relief requested.

11.     The City denies that plaintiff is entitled to the relief requested.

## SECOND CAUSE OF ACTION

### (Disparate Treatment Discrimination in Hiring – Age)

1. The City denies that plaintiff is entitled to the relief requested.

2. The City denies that plaintiff is entitled to the relief requested.

3. The City denies that plaintiff is entitled to the relief requested.

4. The City denies that plaintiff is entitled to the relief requested.

5. The City denies that plaintiff is entitled to the relief requested.

6. The City denies that plaintiff is entitled to the relief requested.

7. The City denies that plaintiff is entitled to the relief requested.

8. The City denies that plaintiff is entitled to the relief requested.

9. The City denies that plaintiff is entitled to the relief requested.

10. The City denies that plaintiff is entitled to the relief requested.

11. The City denies that plaintiff is entitled to the relief requested.

## THIRD CAUSE OF ACTION

### (Disparate Treatment Discrimination in Hiring – Disability)

1. The City denies that plaintiff is entitled to the relief requested.

2. The City denies that plaintiff is entitled to the relief requested.

3. The City denies that plaintiff is entitled to the relief requested.

4. The City denies that plaintiff is entitled to the relief requested.

5. The City denies that plaintiff is entitled to the relief requested.

6. The City denies that plaintiff is entitled to the relief requested.

7. The City denies that plaintiff is entitled to the relief requested.

8. The City denies that plaintiff is entitled to the relief requested.

9. The City denies that plaintiff is entitled to the relief requested.

10. The City denies that plaintiff is entitled to the relief requested.

11. The City denies that plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1.    As the First Separate and Affirmative Defense to the Complaint, Defendant asserts that the Complaint, and each and every allegation contained therein, whether considered singly or in combination, fails to state a claim upon which relief can be granted.

2.    As the Second Separate and Affirmative Defense to the Complaint, Defendant asserts that the Complaint and each and every claim contained therein is barred by the applicable statute of limitations.

3.    As the Third Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff has failed to exhaust his administrative, judicial and/or contractual remedies.

4.    As the Fourth Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff has failed to mitigate his damages, if any, as required by law.

5.    As the Fifth Separate and Affirmative Defense to the Complaint, Defendants assert the Complaint and each and every claim contained therein are barred immunities conferred upon them by the California Government Code and other applicable provisions of law, including but not limited to Government Code §§ 825 *et seq.*

6.    As the Sixth Separate and Affirmative Defense to the Complaint, Defendants assert that at all times and places alleged, Defendants acted without malice and with a good faith belief in the propriety of their conduct.

7.    As the Seventh Separate and Affirmative Defense to the Complaint, Defendant asserts that at all times and places alleged, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

8.    As the Eighth Separate and Affirmative Defense to the Complaint, Defendant asserts that at all times material herein, their conduct was privileged and/or justified under applicable law.

9.    As the Ninth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant asserts that any relief sought by Plaintiff is barred by the doctrine of laches.

10.    As the Tenth Separate and Affirmative Defense to the Complaint, Defendants allege that they are not liable under the provisions of California Government Code §§ 815, 815.2 and/or

1    820.2, and other applicable provisions of law, in that any damage to Plaintiff as alleged in the

2    Complaint would have resulted from acts or omissions committed in the exercise of discretion vested

3    in public employees.

4          11.     As the Eleventh Separate and Affirmative Defense to the Complaint, Defendant asserts

5    that Plaintiff has failed to set forth a prima facie claim for race, age, and physical disability

6    discrimination under Title VII of the Civil Rights Act of 1964 and the California Fair Employment

7    and Housing Act.

8          20.     As the Twelfth Separate and Affirmative Defense to the Complaint, Defendant asserts

9    that Plaintiff has failed to set forth a prima facie claim for age discrimination under the ADEA.

10         21.     As the Thirteenth Separate and Affirmative defense to the complaint, Defendant

11    asserts that plaintiff has failed to set forth a prima facie claim for physical disability discrimination

12    under the ADA.

13         WHEREFORE, Defendant pray that Plaintiff take nothing by his Complaint, that Plaintiff's

14    Complaint be dismissed with prejudice, and for the following:

15         1.     For cost of suit herein;

16         2.     For reasonable attorney's fees; and

17         3.     For any such other relief as the Court deems just and proper.

18         4.     Defendant demands a jury trial.

19    Dated:       11/19/07

20                         DENNIS J. HERRERA
                          City Attorney

21                         ELIZABETH SALVESON
                          Chief Labor Attorney

22                         LISA B. BERKOWITZ
                          Deputy City Attorney

23

24

25                 By: _____
                    LISA B. BERKOWITZ

26

27                 Attorneys for Defendant
                CITY AND COUNTY OF SAN FRANCISCO

28