DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
LISA B. BERKOWITZ, State Bar #167657
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3825
Facsimile:    (415) 554-4248
E-Mail:       lisa.berkowitz@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO PUBLIC DEFENDER'S OFFICE,<br><br>　　　　　Defendant. | Case No. C07-5257 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>FRCP, Rule 26(f)<br>Civ. L.R. 16-9(a)<br><br>Date:        March 3, 2008<br>Time:        4:00 p.m.<br>Courtroom:   15; 18th Floor |

1. **Jurisdiction and Service:**

    This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1331 since plaintiffs allege violations of 29 USC §621 et seq, the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

2. **Facts:**

**PLAINTIFFS' POSITION:**

Plaintiff applied for a Paralegal position with the City and County of San Francisco Public Defender's Office (CCSF-PDO); and provided CCSF-PDO with the required application to include a veteran's preference form. Plaintiff alleges that CCSF-PDO selected a non-preference candidate that was not African American, disabled, and/or less age than Plaintiff.

**DEFENDANT'S POSITION:**

### Background

The San Francisco Public Defender represents 24,000 indigent adults and juveniles accused of committing misdemeanor and felony offenses. The Public Defender's office is committed to hiring a diverse work force. The Public Defender was the only law firm recognized by the Bar Association of San Francisco for achieving goals for both gender and ethnic diversity in the workforce in 2005. The Public Defender encourages applications from minorities, women and people with disabilities. Job announcements include a provision for people with disabilities who may need an accommodation during the application process. The Department currently employs 155 people.

### Provisional Hiring Process

In the fall of 2006, the Department sought to hire a legal assistant on a provisional basis. As a provisional hire, the person is not required to take an examination or complete a civil service process through the Department of Human Resources. On July 10, 2006 the Public Defender posted an announcement for the 8173 legal assistant position. As stated in bold, capital letters in the announcement, the filing deadline was 5:00 p.m. on July 24, 2006. The opening was advertised on (1) Craig's list, (2) the Public Defender's website, (3) the Department of Human Resources website and (4) the job board at the Department of Resources office at 44 Gough Street. The Department received 150 applications for this position. Ms. Auyong, the executive assistant to the Public Defender, received the applications, discarded the envelopes and hand stamped the date on each application as she received them.

The job announcement stated: "Selection Process: Applications will be screened for relevant experience. Additional screening mechanisms may be implemented in order to determine candidates'

1  qualifications. Only the most qualified candidates will be invited for an interview." In accordance
2  with the procedure set forth in the announcement, Katherine Asada, the Director of Recruitment and
3  Intern Program and the managing attorney for the paralegal unit, initially reviewed all the
4  applications to verify they met the minimum qualifications of the job. After determining that all the
5  applicants met the minimum qualifications as set forth in the job announcement, Ms. Asada reviewed
6  the application again for education and experience of the candidates. Based on her review, she
7  determined there were 30 well qualified applicants. Ms. Asada reviewed these applications for
8  relevant work experience and sixteen applicants were selected for interviews. Fourteen interviews
9  were conducted, including one of an applicant whose materials were received on July 25, 2006, a day
10 after the deadline.

11 Based on the results of the interviews, Ms. Asada and Kathy Bull, the managing attorney for
12 support services, recommended six candidates to the Chief Attorney Teresa Caffese and Public
13 Defender Jeff Adachi. Jeff Adachi and/or Teresa Caffese interviewed the six candidates.

14 The applicant hired after these interviews had a B.A. degree and two-and-a-half years of
15 experience working as a paralegal for a Washington, D.C. environmental law firm in the energy
16 litigation group. Her references from that firm and others rated her exceptionally well-qualified. She
17 was given numerous responsibilities, including first-year associate (lawyer) level work writing
18 pleadings and case research. In addition to her legal research and writing skills, she has excellent
19 people skills which was demonstrated in her interview. In short, she was the superior candidate.

### Plaintiff's Late Application

21 As a general rule, the Department does not accept late applications. However to ensure that
22 an outstanding candidate is not overlooked, the Department will grant a cursory review of a late
23 application. Only a cursory review is made because the fact that an application is late indicates lack
24 of time management skills critical to this position. In this case, Plaintiff submitted his application
25 seven days late. Ms. Asada gave it a cursory review. Specifically, she remembers reviewing Mr.
26 Wade's cover letter, resume and employment application. Based on her initial review, Mr. Wade was
27 only minimally qualified for the paralegal position, since he had no paralegal experience and had not
28 yet received his paralegal certificate. For these reasons, he was not granted an interview.

Plaintiff's entire Complaint is based on the fact that he was not granted an interview for this position. Plaintiff has absolutely no evidence that respondent discriminated against him because of his age, race, or alleged disability.

3. **Legal Issues:**

    a.    Whether Plaintiff can establish a race discrimination claim under the Fair Employment and Housing Act (FEHA);

    b.    Whether Plaintiff can establish a race discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII");

    c.    Whether Plaintiff can establish age discrimination under the FEHA;

    d.    Whether Plaintiff can establish an age discrimination claim under the Age Discrimination in Employment Act (ADEA);

    e.    Whether Plaintiff can establish a disability discrimination claim under the FEHA; and

    f.    Whether Plaintiff can establish a disability discrimination claim under the Americans with Disabilities Act (ADA).

Plaintiff also contends the following is a legal issue:

    g.    Whether Defendant violated Plaintiff's veteran's preference.

4. **Motions:**

There are no pending motions. The City believes Plaintiff's Complaint fails to state a viable claim on any of his causes of action as a matter of law, and is thus subject to a FRCP, Rule 12c motion for judgment on the pleadings. The City requests leave to bring a 12c motion, and/or a motion for summary judgment early in the case.

5. **Amendment of Pleadings:**

There is no motion to amend the pleadings at this time.

6. **Evidence Preservation:**

Plaintiff will rely upon evidence gathered via interrogatories, admissions, and requests for production of documents existing regarding those candidates that applied for the position.

Defendant's attorney has instructed the Public Defender's Service to preserve all information currently in existence regarding the application process for the paralegal position in 2006, including files on all individuals who applied for that position.

7. **Disclosures**:

The parties anticipate full and timely compliance with Magistrate Judge Zimmerman's Initial Disclosure deadline of February 25, 2008, unless advised otherwise by this Court. The parties anticipate listing all of the witnesses who have knowledge of the facts outlined above known to the parties at this time, and disclosing all relevant documents.

8. **Discovery**:

The parties have not yet begun discovery in this case.

The parties agree to the following discovery limits in this case pursuant to Civ. L.R. 30-1, 33-1: depositions (excluding experts) (10 per party); interrogatories (25 per party); document production requests (35 per party); requests for admission (30 per party.)

9. **Class Actions**: Not applicable.

10. **Related Cases**: Not applicable.

11. **Relief**:   Plaintiff seeks general damages, pain and suffering, declaratory judgment, injunctive relief to include compensatory back pay, forward pay, compensatory damages, and punitive damages.

12. **Settlement and ADR**:

The City views the "prospects for settlement" as very poor, based on the facts set forth above. The Parties were unable to discuss ADR options in time to file the ADR forms with the Court and thus requested a phone conference with the ADR unit. Since that time, the parties have agreed on Early Neutral Evaluation as an ADR option. The City suggests that in the interest of the parties' and the Court's time and resources, that any ADR occur after the Court has ruled on the City's anticipated early dispositive motion.

13. **Consent to Magistrate Judge For All Purposes**:

The parties do not consent to a magistrate judge.

**14. Other References:**

Defendant does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The parties cannot narrow the issues by agreement or motion at this time. The parties reserve the right to request bifurcation of damages at a later date.

**16. Expedited Schedule:**

The parties do not anticipate this case can be handled on an expedited basis with streamlined procedures at this time, although remain open to exploring this option as the case progresses.

**17. Scheduling:**

**Trial date:** Monday, March 9, 2009

**Final pretrial conference date:** Monday, February 9, 4:00 p.m.

**Date required for filing of the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b):** Friday, January 30, 2009.

**Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony):** Friday, February 6, 2009.

**Deadline to hear motions directed at the merits of all or part of the case:** January 23, 2009.

**Anticipated length of trial:** 4-7 days.

**Disclosure of identities of all witnesses to be called in each party's case-in-chief:** January 27, 2009.

**Completion of all discovery except from experts (see Civ.L.R. 26-5):** January 5, 2009.

**Disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):** January 9, 2009.

**Completion of discovery from experts:** January 30, 2009.

**18. Trial:**

Both parties have requested a jury trial.

**19. Disclosure of Non-party Interested Entities or Persons:**

Not applicable.

20. **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

Dated: 2/21/08

*E.K Wade*
E.K. WADE, Plaintiff in Pro Per

Dated: 2/22/08

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
LISA B. BERKOWITZ
Deputy City Attorney

By: *[signature]*
LISA B. BERKOWITZ

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

## CASE MANAGEMENT ORDER

The foregoing joint statement is adopted by this Court as the Case Management Order in this action in accordance with Civil Local Rule 16-9 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED.**

Dated:

_____
HON. MARILYN HALL PATEL
United States District Court Judge

Joint Case Management Statement
CASE NO. C07-5257

7

n:\labor\berkowi\wade1.doc